# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

CORY HOUSE, on behalf of himself and others similarly situated,

    Plaintiff,

v.

MAJESTIC DUDE RANCH, LLC, a Colorado Limited Liability Company, and

ROBERT A. BUCKSBAUM, Individually,

    Defendants.

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, Cory House ("Plaintiff"), on behalf of himself and all those similarly situated, hereinafter described, by and through his undersigned counsel, Eleni K. Albrechta and David T. Albrechta of Albrechta & Albrechta, LLC, Tod J. Thompson, Attorney at Law, and Joseph F. Albrechta and John A. Coble of Albrechta & Coble, Ltd., and he brings this action against Defendant Majestic Dude Ranch, LLC and Defendant Robert A. Bucksbaum (collectively referred to as "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Colorado Wage Claim Act, C.R.S. § 8-1-101, *et seq.* ("CWCA"), and he hereby states:

## I. INTRODUCTION

1. This is a collective action and class action instituted by Plaintiff as a result of Defendants' practice and policy of not paying its employees, including Plaintiff, for all hours worked and at the appropriate wage scale, in violation of federal and state wage and hour laws.

2. To pursue claims under the FLSA, aggrieved persons are not permitted to institute "Rule 23" class actions, but rather are required to institute a "collective action" pursuant to §216 of the FLSA. Collective actions require individuals to "opt in" to the litigation.

3. To pursue claims under the CWCA, aggrieved persons are permitted to institute Rule 23 class actions.

4. This is a collective action under the FLSA for: (a) back overtime pay; (b) back wages; (c) liquidated damages; (d) injunctive and affirmative relief requiring that the Defendants designate "opt-in" Plaintiffs (who were formerly or are still currently employed by Defendants) as "non-exempt" for purposes of federal wage and hour laws; (e) punitive damages and compensatory damages; (f) attorney fees; and (g) such other relief as may be appropriate.

5. This is a class action under the CWCA, for: (a) back overtime pay; (b) back wages; (c) penalties; (d) injunctive and affirmative relief requiring that the Defendants designate class members (who were formerly or are still currently employed by Defendants) as "non-exempt" for purposes of state wage and hour laws; (e) attorney fees and costs; and (f) such other relief as may be appropriate.

## II. NATURE OF COLLECTIVE ACTION

6. This is a collective action instituted by the Plaintiff as a result of Defendants' practices of not paying their employees, including the Plaintiff, appropriate wages for hours worked overtime, in violation of federal wage and hour law.

7. Plaintiff brings this action on his own behalf, and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by the Defendants' unlawful conduct pursuant to 29 U.S.C. §216(b) for Counts I and II.

8. The employees which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All persons, currently or formerly employed by Defendant at any time within the past three years, who were paid wages or tips by Defendants but were not paid Colorado minimum wage or fully compensated for overtime.

9. Plaintiff is unable to state at this time the exact size of the potential collective but, upon information and belief, avers that it exceeds 20 persons. Written consents will be filed as additional opt-in plaintiffs elect to join the collective under the FLSA.

10. As set forth herein, this collective action meets the requirements for being maintained and prosecuted as a collective in that Plaintiff and opt-in plaintiffs are all similarly situated. The named Plaintiffs and potential opt-in Plaintiffs are similarly situated by virtue of geographic similarity being employees at a single employment location in Colorado, the similarity of job duties, that otherwise supported Majestic Dude Ranch, LLC, the Defendants'-Employers' utilization of similar practices and policies toward overtime, there are no individualized allegations, and the Defendants' defenses will be common to the claims of all Plaintiffs and potential opt-in Plaintiffs.

3

11. The Plaintiff therefore seeks conditional certification of the collective with the right to send Court-approved notice.

12. Upon further discovery Plaintiff will establish that decertification is inappropriate and, to the contrary, that the Plaintiff and opt-in Plaintiffs are similarly situated in fact and by employment settings, the defenses to the claims of the Plaintiff and opt-in Plaintiffs are not individualized but rather are common and similar, and that the collective procedure is fair and offers the best procedural method for resolving the claims of the Plaintiff and opt-in Plaintiffs.

### III. NATURE OF CLASS ACTION

13. Plaintiff brings this action on his own behalf, and on behalf of all those similarly situated who have been, are being, or will be adversely affected by the Defendants' unlawful conduct pursuant to Rule 23. as to Counts III and IV.

14. The employees which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send notices for purposes of the class action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All persons, currently or formerly employed by Defendant at any time within the past three years, who were paid wages or tips by Defendants but were not paid Colorado minimum wage or fully compensated for overtime.

15. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it exceeds 20 persons. Written notice will include an "opt-out" provision regarding claims under CWCA and Rule 23.

16. As set forth herein, this class action meets the requirements for being maintained and prosecuted as a class action in that Plaintiff and Plaintiff class members are all similarly situated.

The named Plaintiff and class members are similarly situated by virtue of geographic similarity being employees at a single employment location in Colorado, the similarity of job duties, that otherwise supported Majestic Dude Ranch, LLC, the Defendants'-Employers' utilization of similar practices and policies toward overtime, there are no individualized allegations, and the Defendants' defenses will be common to the claims of all Plaintiffs and class members.

17. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. The interests of the representative and the interests of all class members are aligned. Plaintiff is attempting to benefit all class members. Plaintiff shares the same interest as each class member – full and fair compensation for damages resulting from Defendants' misconduct. The fact that Plaintiff's claims are typical of the claims of the class ensures that Plaintiff will preserve the interest of all class members. Plaintiff does not have any interest that competes with the interests of other class members because by pursuing his own interest, Plaintiff advances the interests of the entire class. There are no potential conflicts of interest between the proposed class representative and the members of the class. The claims of all parties arise from a similar fact pattern and are based upon identical theories of law.

18. The allegations by Plaintiff contain common questions of law and fact. Plaintiff satisfies the requirement of Rule 23(a)(2) that the litigation involve "questions of law or fact common to the class." In the present case, the common issues of law and fact are abundant. Specifically, there are common questions of fact regarding Defendants' conduct and representations, such as:

    a. Have Defendants wrongfully compensated their employees as if exempted from state and federal law requiring overtime compensation?

    b. Have Defendants wrongfully compensated their employees as if they were tipped employees through improper use of a tip pool?

    c. Has the class been injured by Defendants' refusal to fully compensate their employees for overtime hours worked?

    d. Was Defendants' conduct willful or undertaken with such disregard and recklessness as to allow the class to recover liquidated and punitive damages?

19. As set forth herein, this class action meets the requirements for being maintained and prosecuted as a class action in that Plaintiff is:

    a. The class members to this action are too numerous as Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, aver that it exceeds twenty (20) persons, a number that makes joinder of all potential Plaintiffs impracticable.

    b. The questions of law and fact are common to the parties. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. The interests of the representatives and the interests of all class members are aligned. Plaintiff is attempting to benefit all class members. Plaintiff shares the same interests as each class member – full and fair wage and overtime compensation for damages resulting from Defendants' misconduct. The fact that Plaintiff's claims are typical of the claims of the class ensures that the Plaintiff will preserve the interest of all class members. Plaintiff does not have any interest that competes with the interests of other class members because by pursuing his own interests, Plaintiff advances the interests of the entire class. There are no potential conflicts

    of interest between the proposed class representative and the members of the class. The claims of all parties arise from a similar fact pattern and are based upon identical theories of law.

    c. Plaintiff's claims focus entirely on Defendants' wrongful conduct and thus are typical of the claims of the class. Plaintiff asserts claims involving specific actions taken by Defendants affecting the entire class. Consequently, Plaintiff meets the typicality requirement because his claims arise from the same event or course of conduct that give rise to claims of other class members and the claims are based on the same legal theories.

    d. Plaintiff's counsel are experienced class action attorneys who will represent the Plaintiff and the putative class competently.

20. Part of the relief sought is injunctive or declaratory relief.

21. Failing to proceed as a class action risks the likelihood that separate actions would produce conflicting rulings concerning the same defendants conduct and the rights of the Plaintiff and the parties he seeks to represent.

22. Because of the nature of the claims under state law, the questions of law and fact will predominate over the questions of law and fact that may affect only individual members of the proposed class.

23. A class action is superior to all other available methods for fairly and efficiently adjudicating the controversy alleged in this case.

## IV. JURISDICTION AND VENUE

24. This is a "collective" action authorized by and instituted under the FLSA.

25. Counts I and II of the Complaint are based on federal law. As to Counts I and II, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

26. Written consents to join this action as to Counts I and II, as and when executed by other individual plaintiffs, will be filed pursuant to §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*.

27. This Court holds supplemental jurisdiction over Counts III and IV, pursuant to 28 U.S.C. §1367, on the grounds that they are so related to Counts I and II, over which the Court has original jurisdiction, that it forms part of the same case or controversy.

28. Plaintiff was employed in this District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this District. Thus, venue properly lies within the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §1391(c).

### V.    PARTIES

29. Defendant Majestic Dude Ranch, LLC (hereafter "Majestic") is a Colorado Limited Liability Company. Its principal place of business is located at 42688 Road N. Mancos, Colorado 81328. Majestic is in the hospitality business and operates a guest dude ranch at its principal place of business is located at 42688 Road N. Mancos, Colorado 81328.

30. Defendant Majestic is, and at all times material to this action was, an enterprise engaged in interstate commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), by, among other things, offering overnight lodging accommodations and food service.

31. Defendant Majestic is, and at all times material to this action was, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

32. Defendant Majestic does, and at all times material to this action did, receive from gross annual sales or business at least $500,000.00 per year.

33. Defendant Majestic is, and at all times material to this action was, a covered employer under 7 C.C.R. 1103-1.

34. Defendant Robert A. Bucksbaum (hereafter "Bucksbaum") is, and at all times material to this action was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), as Bucksbaum is Majestic's principal owner and controlling officer and exercises overall financial control over the company including determining employee's rates of compensation.

35. Plaintiff Cory House is an adult resident of the State of Florida who currently resides in Fort Walton Beach, Florida. Plaintiff worked for Defendants Majestic and Bucksbaum as a Sous Chef at Defendant's location at 42688 Road N. Mancos, Colorado 81328. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e) from on or about May 27, 2018 through on or about early October 2018.

### VI. STATEMENT OF FACTS

36. Majestic Dude Ranch is an all-inclusive ranch-resort offering, among other things, lodging, activities, and full food service to its guests.

37. Defendant Robert A. Bucksbaum, as the principal owner or controlling officer of Defendant Majestic, exercised financial control over the company and determined the Plaintiff's terms and conditions of employment including his compensation structure.

38. Plaintiff was hired as Sous Chef for Defendants in May 2018. Plaintiff's first day of work was May 27, 2018.

39. Defendants paid Plaintiff and all those similarly situated an hourly wage of $10.00 per hour worked.

40. The Colorado minimum wage for 2018 was $10.20 per hour worked.

41. Plaintiff and all those similarly situated are covered non-exempt employees as defined by the FLSA and CWCA.

42. Plaintiff and all those similarly situated were not employed in positions that customarily and regularly receives tips.

43. Plaintiff worked for Defendant Majestic for one season, from the end of May 2018 until early October 2018.

44. During this time, Plaintiff was required to work more than 40 hours per week.  Other employees were similarly required to work more than 40 hours per week.

45. Plaintiff regularly worked 60-70 hours per week, and on at least one occasion worked 80 hours in one week.  Other employees were similarly required to work 60-70 hours or more per week.

46. Plaintiff and all those similarly situated were never paid overtime for the hours worked in excess of 40 hours per week or 12 hours per day as required by federal and state law.

47. Employees were provided with a timesheet template form which they had to fill out and submit at the end of each week.

48. Upon submitting his first timesheet Plaintiff was informed that he could not submit a timesheet for more than 40 hours in one week.

49. Other employees were informed that they could not submit timesheets for more than 40 hours in one week despite the fact that they worked more than 40 hours.

50. Because Plaintiff was not allowed to submit timesheets showing more than 40 hours worked per week, he stopped signing his timesheets, which were filled out for him because he refused to lie about his hours worked.

51. Due to these circumstances, Plaintiff immediately began keeping his own records of the time he worked.

52. Defendants were aware, or should have been aware, that Plaintiff and all those similarly situated performed work that required payment of overtime premium compensation.

53. Defendants' conduct was willful and in bad faith.

54. The Colorado Department of Labor, Wage and Hour Division, found on December 7, 2017 that Defendant Majestic violated Colorado wage and hour laws on at least two occasions.

55. Defendants routinely suffered and permitted Plaintiff and all those similarly situated to work more than 40 hours per week and did not correctly pay him and other employees overtime compensation that was due them.

56. Upon information and belief, Defendant Majestic did not keep accurate records of hours worked as required by law for Plaintiff and all those similarly situated.

57. Defendants operated under a scheme to deprive Plaintiff and all those similarly situated of a lawful minimum hourly wage; to deprive Plaintiff and all those similarly situated of overtime compensation by treating them as exempt in practice; failing to compensate them accurately at the correct overtime rate of pay; and by failing to make, keep, and preserve records of hours worked by Plaintiff and all those similarly situated.

58. Pursuant to C.R.S. § 8-4-109, Plaintiff sent a written demand for payment of wages and compensation on January 30, 2020.

59. Defendants did not tender to Plaintiff any amounts within 14 days after receipt of the demand.

60. Defendants' failure to pay Plaintiff the wages and compensation owed to him continues up to the time of filing this Complaint.

61. Defendants' failure to pay other employees wages and compensation owed to them continues up to the time of the filing of this Complaint.

## VII.   CAUSES OF ACTION

### COUNT I

**(Overtime Violations Under the Fair Labor Standards Act [FLSA],
29 U.S.C. § 201, *et seq*. – Both Defendants)**

62. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

63. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek. 29 U.S.C § 207.

64. Defendants suffered and permitted Plaintiff and all those similarly situated to routinely work more than forty (40) hours per week without overtime compensation.

65. Defendants' actions, policies, and practices as described above violate the FLSA's overtime requirement by designating Plaintiff and all those similarly situated, whose duties indicate they should not be exempt from federal overtime requirements, as exempt, and regularly and repeatedly failing to calculate and compensate Plaintiff and all those similarly situated at the required overtime rate.

66. The above-described willful and systematic violation of the FLSA complained of by Plaintiff and all those similarly situated has similarly affected all other members of the collective action so that the claims of such members are common and typical to each other.

67. Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and all those similarly situated overtime compensation in violation of the FLSA.

68. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and all those similarly situated have suffered a loss of income and other damages. Plaintiff and all those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

69. By failing to accurately record, report, and preserve records of hours worked by Plaintiff and all those similarly situated, Defendant failed to make, keep, and preserve records with respect to Plaintiff and all those similarly situated sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA.

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

### COUNT II

**(Minimum Wage Violations Under the Fair Labor Standards Act [FLSA], 29 U.S.C. § 201, *et seq*. – Both Defendants)**

71. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

72. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and all those similarly situated the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a) of the FLSA.

73. Defendants' actions, policies, and practices as described above violate the FLSA's minimum wage requirements by failing to record and calculate Plaintiff's and all those similarly situated hours worked and by failing to compensate Plaintiff and all those similarly situated for all the hours they worked.

74. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and all those similarly situated, Defendants failed to make, keep, and preserve records with respect to Plaintiff and all those similarly situated sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA.

75. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and all those similarly situated have suffered a loss of income and other damages. Plaintiff and all those similarly situated are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages.

76. Plaintiff and all those similarly situated are also entitled to recover from Defendants, jointly and severally, an additional equal amount as liquidated damages, reasonable attorney fees, costs, and interest pursuant to 29 U.S.C. §216(b) of the FLSA.

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

## COUNT III

**(Overtime and Minimum Wage Violations Under the Colorado Wage Claim Act [CWCA], C.R.S. § 8-4-101, *et seq*. – Defendant Majestic)**

78. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

79. Pursuant to C.R.S. § 8-4-109, Plaintiff and all those similarly situated are entitled to recover all unpaid wages and compensation, plus a penalty of 125% of the first $7,500.00 of the unpaid amount and 50% of any additional amount as a result of Defendant Majestic's failure to pay Plaintiff's and all those similarly situated earned and unpaid wages and compensation following the written demand.

80. Plaintiff and all those similarly situated are also entitled to an additional 50% penalty pursuant to C.R.S. § 8-4-109 because of Defendant Majestic's failure to pay their wages and compensation was willful.

81. Plaintiff and all those similarly situated are entitled to recover their reasonable attorneys' fees and costs incurred pursuant to C.R.S. § 8-4-110.

82. The foregoing conduct, as alleged, constitutes a willful violation of the CWCA within the meaning of C.R.S. §§ 8-4-122 and 8-4-109(3)(c).

## COUNT IV

**(Minimum Wage Violations Under the Colorado Wage Claim Act [CWCA], C.R.S. § 8-6-101, *et seq*. – Defendant Majestic)**

83. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

84. Pursuant to C.R.S §8-6-118, Plaintiff and all those similarly situated are entitled to recover from Defendant Majestic the balance of minimum wage, together with attorney fees and court costs.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant Plaintiff and the collective and class he represents a permanent injunction enjoining Defendant Majestic, its agents, its successors, employees and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures which violate the FLSA or CWCA, and instructing Defendant Majestic to designate Plaintiff and all those similarly situated as "non-exempt," and award against the Defendant Majestic and in favor of the Plaintiff and the collective and class he represents actual damages for back overtime pay, liquidated damages, penalties, punitive damages and compensatory damages, plus attorneys' fees and all such other relief as may be appropriate;

WHEREFORE, Plaintiff demands, on his behalf and on behalf of the putative collective and class members, judgment in their favor and against Defendant Majestic and Defendant Bucksbaum, jointly and severally, as follows:

A. For conditional certification as a collective under FLSA;

B. For approval of conditional collective Notice and disclosure by Defendants of all last known addresses and identities of employees in the collective with opt-in provisions;

C. For Certification as a collective, and a finding that decertification is not merited under FLSA, and for final approval of the collective and its opt-in members under FLSA;

D. For preliminary class certification under the CWCA;

E. For approval of the Class Notice and procedures for identifying the class;

F. For final class certification;

G. For actual damages for unpaid minimum wage and unpaid overtime compensation under the FLSA;

H. For liquidated damages under the FLSA in an amount equal to actual damages;

I. For wages and compensation owed;

J.  For all penalties available under the CWCA;

K.  For attorneys' fees under the FLSA and the CWCA;

L.  Costs;

M.  Prejudgment interest and post-judgment interest; and

N.  Such other relief as the Court deems just and equitable.

## VIII.  JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated this 27th day of May 2020.

By:   s/ Joseph F. Albrechta
*Joseph F. Albrechta*
*John A. Coble*
ALBRECHTA & COBLE, LTD.
2228 Hayes Avenue, Suite A
Fremont, OH 43420
Telephone: (419) 332-9999
E-mail:   jalbrechta@lawyer-ac.com
             jcoble@lawyer-ac.com

*David T. Albrechta* (48431)
*Eleni K. Albrechta* (48429)
ALBRECHTA & ALBRECHTA, LLC
530 Main Avenue, Suite D03
Durango, CO 81301
Telephone: (970) 422-3288
E-mail:   david@albrechtalaw.com
            eleni@albrechtalaw.com

*Tod J. Thompson*
810 Sycamore Street
Cincinnati, OH 45202
Telephone: (513) 322-4348
E-mail:   tod@thompsonlaw.com

*Counsel for Plaintiff Cory House*